Mr. Justice Gantt
delivered the opinion of the Courts'
I think no doubt can exist but that the sale, on the part of the executors, was made for the express purpose of enabling the legatees to purchase to the amount of their legacies. The testator, George Stephens, had, by his will, directed that s'o soon as the debts were paid, a division should take place» By the sale, therefore, it is to be presumed the debts had been .paid. Dezves, in right of his wife, was-, by this sale, placed in possession tif the legacy bequeathed to his wife, and this by the assent of the executors, who could not afterwards revoke it, or re-call the property on the ground of no division having been made» But it is said,
2ndly. That although the sale be regarded as a division, still- the executors are entitled to the money under the mortgage. . •
Whether they were entitled to priority of claim or not, in this instance, was a question which the presiding Judge did not feel himself warranted on the hearing of this motion to decide; and the Court think that the question was one, both as regarded the law and facts of the case, not to be decided in this short hand way, by motion. It was certainly not competent for the presiding Judge to determine upon the rights of the mortgagee in this case. There were facts involved,- which could alone be decided by a jury. Dezves and one of the execution creditors were not represented upon the occasion. Whether the mortgage did really exist under the circumstances of the case, was a fact which the Court could not decide. Dewes became involved after he had acquired the possession of this property, *91 and most probably upou the strength of it. The right too, on the part oí the executors of George Stephens, to claim the proceeds of the sale,(on account of a decree against the estate of John R. Stephens, with respect to whose es» t tate. no evidence went to shew that a devastavit had been committed, or that it was not fully adequate in the hands of the executors for all the purposes to which it could be made liable. These views furnish sufficient evidence to conclude, that the presiding Judge, in discharging the rule and leaving the parties to their more appropriate and legal remedies, pursued the only correct and proper course. In this way, the rights of none will be coinpromitted.
The Court are unanimously of the opinion that the ap? pellants can take nothing by their motion.-
Justices Golcock, Richardson and Huger, concurred.